DAYTON, ORVILLE L., Jr., (Ret.), Associate Judge.
This appeal by the State of Florida is from an order of the trial judge granting Defendant’s Motion to Suppress the State’s evidence. The trial judge heard no testimony, but entered his order on the basis of a stipulated statement of facts. The trial judge entered his order granting the Motion to Suppress on the ground that the search warrant had not been executed in compliance with Section 933.09 Florida Statutes, F.S.A. The facts as presented in the stipulated statement are in substance as follows:
On the night of January 22, 1969, at approximately 9:20 P.M., officers of the Sarasota Police Department, a Constable and an Assistant State Attorney converged upon the home of the defendant, Nicholas Kelly. The officers had with them a search warrant issued that day by a Circuit Judge of the Twelfth Circuit, directing them to search the residence of Defendant for narcotics and items relating to the sale or use of narcotics. A few minutes before they approached the house they were told by a confidential informant who had just left the house that the defendant and three other individuals were in the house; that they were using narcotics when the informant left, and that defendant sold him some LSD just before he left the house.
A City Detective approached the front of the house, proceeded to the front door, opened the exterior screen door, and turned the knob of the front door. The door was unlocked, and came open. The detective entered the house and announced to all present, “Police Officers with a search warrant. Remain seated.” Other *905 officers entered and the search warrant was read.
The defendant, Nicholas Kelly, and the other individuals present, Paula Kelly, his wife, John Koplitz, Bertram Barkus and Peter Woodruff were found sitting in the living room watching television. At that time no narcotics or illegal drugs were being used.
After the search warrant was read the officers proceeded to search the house and each of the individuals. Evidence believed to be Marijuana and other tablets believed to be LSD were seized. In the search of the individuals present the officers found small amounts of money, and on the person of Peter Woodruff officers found a prescription bottle containing ten tablets believed to be LSD.
The defendant, Nicholas Kelly, was arrested and charged with Possession of Marijuana, Possession of LSD, Sale of Marijuana, and two counts of Selling LSD. Peter Woodruff was arrested and charged with Possession of Marijuana and Possession of LSD. John Koplitz and Bertram Barkus were charged with Possession of Marijuana.
It is urged by Appellant that the facts in this case support an additional exception to those set forth in the case of Benefield v. State (Fla.1964), 160 So.2d 706, wherein the Supreme Court of Florida stated:
“As we interpret the common law authorities in relation to 901.19(1) Florida Statutes, F.S.A., we conclude that even if probable cause exists for the arrest of a person, our statute is violated by an unannounced intrusion in the form of a breaking and entering any building, including a private home, except (1) where the person within already knows of the officer’s authority and purpose; (2) where the officers are justified in the belief that the persons within are in imminent peril of bodily harm; (3) if the officer’s peril would have been increased had he demanded entrance and stated the purpose, or (4) where those within made aware of the presence of someone outside are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted.”
The Court later said:
“Time and experience will no doubt suggest other exceptions.”
Section 933.09, Florida Statutes, F.S.A., provides:
The officer may break open any outer door, inner door or window of a house, or any part of a house or anything therein, to execute the warrant, if after due notice of his authority and purpose he is refused admittance to said house or access to anything therein.
Section 901.19(1) Florida Statutes, F.S. A., provides:
An officer, in order to make an arrest either by virtue of a warrant, or when authorized to make such arrest for a felony without a warrant, may break open a door or window of any building in which the person to be arrested is or is reasonably believed to be, if he is refused admittance after he has announced his authority and purpose. (Emphasis ours)
The exception sought is that where the amount of drugs is small the drugs may be easily disposed of by flushing them down a toilet or other drain, and that compliance with the “Knock and Announce” requirement of Sections 933.09 and 901.19 (1), Florida Statutes, would afford those inside the building time enough to dispose of any drugs before the officers gained entrance.
In order to create such an additional exception to the list stated in Benefield, supra, this Court would be required to do violence to the plain and unambiguous language of the applicable statutes. The statutes require due notice of the authority *906 and purpose of the officers seeking to gain admittance.
Such inter-stitial legislation by this Court would, in our opinion, contribute little to good law enforcement, and much to the welter of existent confusion and uncertainty resulting from legislation by judicial fiat.
The remedy lies with the Legislature.
The judgment appealed from is affirmed.
LILES, A. C. J., and McNULTY, J., concur.